IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KATHRYN HEMETEK,**

     **Movant,**

v.                                   **Case No.: 03:11-cr-00579**
                                             **(Criminal Case No. 3:08-00198-01)**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## ORDER GRANTING MOTION TO SEAL

     Pending before the Court is the Movant's Motion for Consideration of Attached Record to be Filed Under Seal (Docket No. 74). Having considered the Motion, the Court **GRANTS** same and **ORDERS** that the records attached to the Motion be kept under seal. The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before granting a Motion to Seal, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the Movant seeks to seal the aforementioned documents, because they are medical records and administrative records concerning the Movant's medical condition. The Court deems the Motion to Seal, which is identified on the docket of the Court as a sealed Motion with attached medical and administrative records, as sufficient notice to interested members

of the public of the request to seal. The Court has considered less drastic alternatives to sealing the documents, but in view of the confidential, personal, and federally protected nature of the health information contained in the documents, no such alternatives are feasible. The Court finds that, in this case, the privacy rights of Movant outweigh the public's right of access to judicial documents.  Accordingly, the Court finds that sealing the documents does not unduly or significantly prejudice the public's right to access them.

    The Clerk is instructed to provide a copy of this Order to all counsel of record.

    **ENTERED**:  October 14, 2011.

_____
Cheryl A. Eifert
United States Magistrate Judge