IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATHRYN HEMETEK,

    Movant,

v.                              Case No.: 03:11-cv-00579
                                    (Criminal Case No. 3:08-00198-01)

UNITED STATES OF AMERICA,

    Respondent.

### ORDER GRANTING EX PARTE MOTION TO SEAL

Pending before the Court is the Ex Parte Motion to Seal filed by counsel for petitioner in support of her Motion to Withdraw. (Docket No. 90). Counsel argues that the documents attached to the Motion to Seal are presented only for the purpose of demonstrating a serious breakdown in the attorney/client relationship and contain matters that are of no interest or relevance to the general public. In addition, the documents contain highly sensitive and/or confidential information.

Having reviewed the Motion and attached documents, the Court agrees that the documents contain, in large part, confidential and sensitive information that has extremely limited interest to the public. Accordingly, the Court **GRANTS** the Motion to Seal (Docket No. 90) and instructs the Clerk to immediately place the aforementioned documents under seal.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v.*

- 1 -

*Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before granting a Motion to Seal, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, Respondent filed a Motion to Seal, which is part of the Court's docket and is identified as having been filed under seal. The Court deems this sufficient notice to interested members of the public. Moreover, the Court has considered less drastic alternatives to sealing the documents, but in view of the confidential nature of the documents' contents, no such alternatives are feasible. The Court finds that because the documents contain attorney/client communications and other personal and/or sensitive information about individuals who are not parties to this litigation, disclosure would unfairly invade the right of privacy belonging to those individuals and may conceivably subject them to personal or professional harm. The Court finds that, in such case, the rights of these persons far outweigh the public's right of access to judicial documents. Accordingly, the Court finds that sealing the documents does not unduly or significantly prejudice the public's right to access them.

      The Clerk is instructed to provide a copy of this Order to all counsel of record.

      **ENTERED**: January 27, 2012.

Cheryl A. Eifert
United States Magistrate Judge