IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KATHRYN HEMETEK,**

  **Movant,**

v.             **Case No.: 3:11-cv-00579**
               **(Criminal Case No. 3:08-00198-01)**

**UNITED STATES OF AMERICA,**

  **Respondent.**

### ORDER SEALING CONFIDENTIAL
### EMAIL COMMUNCIATIONS

  Pending before the Court is the Motion to Withdraw as Counsel filed by counsel for Movant (Docket No. 89). In response to the Motion, Movant today supplied the Court with a written objection and supporting attachments. Because these documents include email communications between Movant and her counsel and other confidential and privileged disclosures, the Court *sua sponte* **ORDERS** that they be sealed.

  The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before granting a Motion to Seal, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, Movant supplied the documents directly to the undersigned presumably for *in camera* review. The

documents will be provided to the Clerk of Court and identified on the Court's docket as having been filed under seal. The Court deems this sufficient notice to interested members of the public. Moreover, the Court has considered less drastic alternatives to sealing the documents, but in view of the numerous references that are considered confidential or sensitive, no such alternatives are feasible. The Court finds that the documents contain confidential attorney/client communications and other highly personal and/or sensitive information about individuals who are not parties to this litigation and have not voluntarily released their information or placed it at issue in this case; consequently, disclosure would unfairly breach the relevant privilege and invade the right of privacy belonging to those third parties, conceivably subjecting them to personal or professional harm. The Court finds that the need to maintain the attorney/client privilege and to protect the privacy of non-litigants far outweighs the public's right of access to judicial documents. Accordingly, the Court finds that sealing the documents does not unduly or significantly prejudice the public's right to access them.

      The Clerk is instructed to provide a copy of this Order to Movant and all counsel of record.

      **ENTERED**: February 6, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge