IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KATHRYN ANN HEMETEK,**

    **Movant,**

v.                                          **Case No.:  3:11-cv-00579**
                                                 **(Criminal No.:  3:08-cr-00198)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

    Pending before the Court is the Motion to Withdraw filed by counsel for Movant, (Docket No. 89), in which counsel alleges that a breakdown in communication has occurred such that her further representation of Movant is "impracticable." The United States has filed a Response and declined to take a position on the pending motion. (Docket No. 94). Movant has today provided the Court with a written objection to the Motion as well as copies of email communications between Movant and her counsel. (Docket No). In her objection, Movant does not disagree that there has been a breakdown in the attorney/client relationship, but she objects to the withdrawal of counsel because, *inter alia*, it will inevitably delay the hearing scheduled on her § 2255 Motion.

    Rule 1.16(b) of the Model Rules of Professional Conduct promulgated by the American Bar Association allows a lawyer to withdraw from the representation of a

client for good cause.[1] From a review of the email communications between Movant and her counsel, the Court finds that significant personal and strategic differences have arisen between them. The Court further finds that (1) the matters to be addressed at the evidentiary hearing are well-defined and limited in scope and (2) the posture of this case is such that counsel for Movant can be substituted without a substantial delay in the proceedings. Accordingly, the Court **GRANTS** the Motion to Withdraw, (Docket No. 89), and **ORDERS** the following: Ms. Hallinan shall surrender all papers and property to which Movant is entitled by providing them to counsel appointed to represent Movant at the evidentiary hearing to be rescheduled herein. In addition, Ms. Hallinan shall refund any advance payment of fees or expenses that has not been earned or incurred. Ms. Hallinan shall take all steps reasonable and practicable to effect a smooth and efficient transfer of Movant's case, so that Movant is not materially prejudiced by the change of counsel.

The Court further finds that Movant has completed a Financial Affidavit which establishes that she qualifies for court-appointed counsel under 18 U.S.C. § 3006A. Accordingly, pursuant to Rule 8, Rules Governing § 2255 Proceedings and in anticipation of the evidentiary hearing to be scheduled in this matter, it is hereby **ORDERED** that the CJA Supervising Attorney shall facilitate appointment of counsel for Movant for the purpose of representing her at the evidentiary hearing. Upon the appointment of counsel, the evidentiary hearing will be rescheduled without undue delay.

---

[1] The West Virginia Rules of Professional Conduct contain a similar provision.

- 3 -

The Clerk is directed to provide a copy of this Order to Movant, counsel of record, and the CJA Supervising Attorney.

**ENTERED:** February 6, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge